IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEDRO MELENDEZ III, | : |
| Petitioner, | : |
| v. | : Civil Action No. 22-855-CFC |
| DENNIS E. LEMMA, Seminole County Sheriff, | : |
| Respondent. | : |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Pedro Melendez III's Petition for Emergency Writ of Habeas Corpus. (D.I. 1) Petitioner appears to be in custody at the Seminole County jail in Florida. He contends that he is being unlawfully detained because "no criminal action in the State of Florida has been commenced against" him, and no "competent fact witness [has filed an affidavit/complaint] alleging the necessary and essential facts sufficient to constitute the elements of a crime" or sufficient to "invoke a lawful court's jurisdiction in the first instance." (D.I. 1 at 1-2) According to Petitioner, the Court can review the instant proceeding because it has original jurisdiction over corporations that were incorporated in the State of Delaware, and Respondent is a corporation "directly linked" to corporations that were incorporated in Delaware. (D.I. 1 at 2) Petitioner asks the Court to order his immediate release from prison. (D.I. 1 at 3)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. 28 U.S.C. § 2254(a); see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), overruled on other grounds by Heck v. Humphrey, 512 U.S. 477, 482 (1994)).

The Court lacks jurisdiction over the instant proceeding, because Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. Since Petitioner is in custody in Florida and challenges either his pre-trial custody or his custody following a conviction rendered by a Florida state court, the courts with jurisdiction over the instant proceeding are in Florida. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 442 (2004) (state prisoner challenging the constitutionality of his custody that is the result of a state court judgment of conviction, or his present physical confinement that is not the result of a state court conviction must file the petition in a judicial district which can achieve in personam jurisdiction over the petitioner's warden or custodian); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Accordingly, the Court will summarily dismiss the instant Petition, and will not issue a

2

certificate of appealability. See 28 U.S.C. § 2253(c )(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

    A separate Order follows.

Dated: July 7, 2022

                                              Colm F. Connolly
                                              Chief Judge